## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES STEWART,            )  | |
|                                                 ) | |
|                  Petitioner,    ) | |
| v.                                           )  | Case No. 1:12-cv-0105-TWP-MJD |
|                                                 ) | |
| BRIAN SMITH,                    ) | |
|                                                 ) | |
|                  Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Charles Stewart is a state prisoner who was disciplined in a proceeding identified as No. WVS 11-07-003 for violating prison rules by committing tax fraud and thereby violating the criminal law.

The evidence favorable to the decision of the conduct board, *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), as set forth in the investigation report is that:

> On 2/21/2011, Mailroom Supervisor Jeanne Watkins delivered an IRS Federal Tax Return Check in the amount of $1,572.00 to the office of Internal Affairs. She suspicioned (sic) that given Offender Stewart's housing location in the J Housing Unit (JHU), job assignment, and incarceration status that the tax return was possibly fraudulent. An investigation then ensued. While conducting phone monitoring it was learned that Stewart was having the mother of his children, Tina Woodard, coordinate false tax returns for several different offenders in JHU, including Stewart (confidential phone records attached). During phone calls made by Stewart to Woodard on 2/16/2011, 2/15/2011, 2/11/2011 and 2/10/2011 Stewart and Woodard discussed several offenders tax returns, false power of

>attorney forms and different pin numbers were discussed. Stewart was then presented with the check and was allowed to sign it to show intent and knowledge. One week later on March 1, 2011, Stewart wrote to the business office to inquire why his check had not yet been deposited.
>
>Once Stewart learned that we had discovered the tax scheme he began writing and calling to Woodard advising her of our discovery. He advised her that they needed to come up with the money to pay back the IRS and that if he could do that he wouldn't be in trouble. He stated all the IRS wanted was their money back and then he would be okay.
>
>Stewart has been incarcerated since 4/9/2008 and would not have been entitled to this tax return. He knew the tax return was fraudulent thus the reason he was trying to get the money to pay it back. He signed the check and attempted to have it deposited into his Offender Trust Account.

Contending that the proceeding was constitutionally infirm, Stewart now seeks a writ of habeas corpus. His specific contentions are that he was denied due process because: (1) there was an insufficient investigation which amounted to insufficient evidence to support a guilty finding in his case; and (2) he was excessively sanctioned.

The writ Stewart seeks can be issued only if the court finds that he is Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus [1] must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least Asome evidence@ to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error.

Stewart's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

    A.    Stewart's challenges regarding the failure to adequately investigate and the lack of a thorough investigation related to the sufficiency of the evidence fails. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the conduct report and the report of investigation are clear and provide a direct account of Stewart's tax fraud activity and a reasonable adjudicator could readily have so concluded. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

    B.    Stewart also contends that he was a victim of cruel and unusual punishment because of a forty-five day pre-hearing segregation during the investigation. Constitutionally speaking, this claim is inconsequential because it rests on asserted violations of prison policies and procedures. *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). Furthermore, pre-hearing segregation is not unlawful. *Woodson v. Lack,* 865 F.2d 107, 109 (6th Cir. 1989).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Stewart to the relief he seeks. Accordingly, Stewart's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/18/2012

*[Signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles Stewart
No. 993858
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN  46168

janine.huffman@atg.in.gov